DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Medline Diamed, LLC, | ) | CASE NO. 5:11 CV 93 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER |
| | ) | |
| Diamed USA, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case is before the Court on plaintiff Medline Diamed, LLC's motion to remand to state court for lack of diversity jurisdiction.  ECF 7.  Defendants have opposed the motion (ECF 16),[1] and plaintiff has replied (ECF 24).  For the reasons contained herein, plaintiff's motion for remand is GRANTED.

I.  PROCEDURAL BACKGROUND

The instant action is related to Case No. 5:10 CV 2906, previously before Judge Sara Lioi.  That action was dismissed after plaintiff filed a notice of dismissal without prejudice on January 12, 2011.  In the previous action before Judge Lioi, plaintiff alleged that defendants Linda Libassi, Laura Cronin, Melissa Haithcock, Jerrold Fried, Michael Fried, Howard Fried, and Community Surgical Supply of Toms River, Inc. (CSS), misappropriated trade secrets, breached their fiduciary duty, engaged in unfair competition, committed tortious interference,

_____

[1] Plaintiff's motion to strike defendants' memorandum in opposition to plaintiff's motion to remand (ECF 17) is DENIED, and defendants' motion to exceed page limitations (ECF 18) is GRANTED.

(5:11 CV 93)

conspired and spoiled evidence, in violation of state law in connection with plaintiff's purchase of Diamed USA for Six Million Dollars on October 28, 2010 by an asset purchase agreement (APA).[2]

Also on January 12, 2011, plaintiff filed another action in the Stark County Court of Common Pleas that includes all the defendants and allegations from the previously dismissed case, and adds a new defendant - Diamed USA, LLC (Diamed USA).  Both plaintiff and defendant Diamed USA are citizens of Ohio.

Defendants once again removed the state court case on the basis of diversity jurisdiction, arguing that defendant Diamed USA was fraudulently joined to defeat federal diversity jurisdiction.  ECF 1.  Plaintiff moved to remand, arguing that Diamed USA was not fraudulently joined, and that because Diamed USA and plaintiff are non-diverse parties there is no basis for federal diversity jurisdiction.

## II.  LAW AND ANALYSIS

A.    <u>Fraudulent Joinder</u>

Federal district courts are courts of limited subject matter jurisdiction.   A defendant may only remove to federal court state actions that could have been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The removing party bears the burden of

---

[2] Plaintiff Medline Diamed is owned by Medline Industries.  Defendant Diamed USA is owned by defendant CSS and Diamed, Inc.  CSS is owned by defendants Jerrold, Michael and Howard Fried.  Diamed Inc. is owned by Scott Wakser and Doug Sharpe. The owners of CSS and of Diamed Inc. are also officers of Diamed USA.  Wakser is an officer, but does not own, Medline Diamed.

(5:11 CV 93)

establishing the district court's jurisdiction and all doubts regarding removal must be resolved in favor of remand.  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Defendants' basis for removal in this case is diversity jurisdiction.  The principal statute governing diversity jurisdiction is 28 U.S.C. § 1332, which gives federal district courts original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  Section 1332(a)(1)'s language "between . . . citizens of different states" requires complete diversity between all plaintiffs and all defendants.  A corporation is a citizen of any state in which it has been incorporated and where it has its principal state of business.  28 U.S.C. § 1332(c)(1).

The exception to the requirement of complete diversity is fraudulent joinder.  Fraudulent joinder of non-diverse defendants will not defeat diversity subject matter jurisdiction in federal court.

The Sixth Circuit has established the standard of review for determining whether complete diversity exists in the face of an allegation of fraudulent joinder.  "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law."  *Boladian v. UMG Recordings, Inc.*, 123 Fed. Appx. 165, 167 (6th Cir. 2005) (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) ("the question is whether there is arguably a reasonable basis for prediction that the state law might impose liability on the facts involved."); *Coyne v. Am. Tobacco Co.*, 183 F.3d at 492-93).

3

(5:11 CV 93)

B.     Plaintiff's Motion to Remand

In this action, plaintiff alleges fraud and breach of contract claims against non-diverse defendant, Diamed USA, LLC, in connection with the negotiation and execution on October 28, 2010 of a Six Million Dollar Asset Purchase Agreement (APA) between plaintiff Medline Diamed and defendant Diamed USA.  Plaintiff's complaint describes the alleged breach of representations and warranties in the APA, which survive the closing of the transaction for at least one year.  Because defendant Diamed USA still has active contractual obligations to plaintiff Medline Diamed, Medline Diamed concludes that it can properly state a valid cause of action against non-diverse defendant Diamed USA.  As a consequence, plaintiff argues, complete diversity does not exist, and therefore this Court lacks subject matter jurisdiction.

Defendants oppose the motion on the grounds that plaintiff Medline Diamed and defendant Diamed USA are controlled by the same person and therefore there is not a real controversy between them, and that plaintiff cannot state colorable state law claims against Diamed USA.

C.     Analysis

**1.     Article III Controversy Between Medline Diamed and Diamed USA**

Defendants argue that there is no justiciable controversy between the non-diverse parties because both plaintiff Medline Diamed and defendant Diamed USA are controlled by Scott Wakser and Doug Sharpe.  In support they cite *Dasma Investments, LLC v. The Realty Associates Fund*, 459 F. Supp. 2d 1240 (S.D. Fla. 2006).

4

(5:11 CV 93)

In *Dasma*, the district court concluded that there was no Article III controversy between a plaintiff and defendant that were controlled by the same person.  In that case, the same person was the only member and registered agent of the plaintiff limited liability company, Dasma, and was also the majority shareholder and sole officer of one of the defendants, PWC.  *Dasma Investments, LLC v. The Realty Associates Fund*, 459 F. Supp. 2d at 1304 (citing *Spring Hill Gold Min. Co. v. Amador Medean Gold Min. Co.*, 145 U.S. 300, 301 (1892)).

Defendants contend that Wakser and Sharpe "control" both Medline Diamed and Diamed USA.  However, Wakser and Sharpe's roles in Medline Diamed and Diamed USA in this case are very different from the controlling individual in question in *Dasma*.  Wakser and Sharpe are not the owners of Medline Diamed; Medline Diamed is owned by Medline Industries.  Wakser and Sharpe are officers of Medline Diamed, but officer status alone does not amount to "control" as determined by the *Dasma* Court.

On the other side, Wakser and Sharpe also do not "control" Diamed USA.  Diamed USA is jointly owned by Diamed Inc. (Diamed Inc. is owned by Wakser and Sharpe), and by CSS, who is a defendant in this action and owned by the Fried defendants.  In addition to being owners of Diamed Inc., which is only part owner of Diamed USA, Wakser and Sharpe are also officers of Diamed USA, but so are the Fried defendants who own CSS, the other part owner of Diamed USA.

While Wakser and Sharpe play a role in both Medline Diamed and Diamed USA, their leadership roles in both companies do not amount to "control" for the purpose of eliminating a

(5:11 CV 93)

Article III controversy between the two companies.  Accordingly, the Court concludes there is a genuine Article III controversy between Medline Diamed and Diamed USA.

  **2.**   **Plaintiff Asserts Colorable State Law Claim Against Diamed USA**

  In considering a motion to remand, the Court must resolve questions of fact and ambiguities of state law in favor of the non-removing party.  When so construing the facts and the law, if there is a colorable basis for upon which a plaintiff may recover against a non-diverse defendant, the action must be remanded.  All doubts regarding the propriety of removal must be resolved in favor of remand.  *Coyne v. Am. Tobacco Co.*, 183 F.3d at 492-93**.**

  Plaintiff has alleged a claim for breach of contract and for fraud against Diamed USA.

  The elements of a breach of contract claim are: 1) a contractual obligation; 2) breach of that obligation by the defendant; and 3) resulting damage to plaintiff.  *H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 144 (De. Ch. 2003).[3]  Plaintiff alleges that defendant Diamed USA breached various representations and warranties in the APA, and that those breaches damaged plaintiff.

  Defendants argue that plaintiff does not assert a colorable breach of contract claim Diamed USA because the representations and warranties in the APA are limited to "Seller's

---

  [3] According to the APA, the laws of Delaware govern the APA "in all respects." ECF 30-2, Sec. 6.8.  However, should it ultimately be determined that Ohio law applies to plaintiff's claim for breach of contract, the application of Ohio law would not change the Court's conclusion that plaintiff has asserted a colorable state law claim for breach of contract.  The elements of a breach of contract claim under Ohio law are: 1) existence of a contract; 2) performance by plaintiff; 3) breach by defendant; 4) resulting damages.  *Chattree v. Chattree*, 2011 WL 1584060 (Ohio App. 8 Dist.) (citing *Jarupan v. Hanna*, 173 Ohio App. 3d 284, 294 (Ohio App. 10 Dist. 2007)).

(5:11 CV 93)

knowledge" which is defined in the agreement as "the actual knowledge of Scott Wakser and Doug Sharpe, without any investigation or inquiry"[4] and because plaintiff has not alleged that Wakser or Sharpe had knowledge of the breach alleged.

An examination of the representations and warranties section of the APA applicable to Diamed USA, Sec. 3.1, reflects a number of ambiguities. Some of the representations and warranties are made by "Seller" and some are made "to Seller's Knowledge." "Seller" and "Seller's Knowledge" are separately defined in the APA. Other representations and warranties are made to "the Knowledge of Seller" which does not appear to be defined by the APA. The effect of these various versions of "Seller," "Seller's Knowledge," and "Knowledge of Seller," as well as the effect of Sec. 3.1(t) on any individual warranty, if any, is ultimately a matter of contract interpretation for the state court.

However, for the purposes of fraudulent joinder analysis, this Court must resolve ambiguities in favor of the non-removing party to determine whether plaintiff has asserted a colorable claim against Diamed USA. On that basis, all representations and warranties in the APA may not be limited to "Seller's Knowledge" to the extent that the actual knowledge of Wakser and Sharpe is required to establish a breach of contract claim. Accordingly, the Court concludes that plaintiff has asserted a colorable state law claim for breach of contract.

### III.  CONCLUSION

For the reasons contained herein, and resolving all ambiguities and doubts in favor of remand, the Court concludes that defendants have failed to satisfy their burden of establishing

---

[4] *See* ECF 30-2, Sec. 3.1(t) and Sec. 7.1.

7

(5:11 CV 93)

the fraudulent joinder of defendant Diamed USA.  Because plaintiff Medline Diamed and

defendant Diamed USA are both citizens of the State of Ohio, complete diversity does not exist

in this case and the Court lacks subject matter jurisdiction.

Accordingly, plaintiff's motion to remand ECF 7 is GRANTED, and pursuant to

28 U.S.C. § 1447, the Clerk is directed to remand this case to the Stark County Court of

Common Pleas.

As a result of this ruling, defendants' motion to transfer this case to the United States

District Court for the District of New Jersey (ECF 6) is DENIED as moot.

IT IS SO ORDERED.


  May 3, 2011                                          s/ David D. Dowd, Jr.
Date                                               David D. Dowd, Jr.
                                                   U.S. District Judge

8